STATE of Wisconsin, Plaintiff-Respondent,

v.

Jack E. JOHNSON, Defendant-Appellant.

Court of Appeals

*No. 2012AP837–CR. Submitted on briefs September 25, 2013.
—Decided November 13, 2013.*

2013 WI App 140

(Also reported in 841 N.W.2d 302.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Thomas C. Simon* of *Bucher Law Group, LLC*, Delafield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sarah L. Burgundy*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J. Jack E. Johnson appeals his conviction for being party to the crime of first-degree intentional homicide on the ground that the warrantless search of his Mexican residence mandated the suppression of evidence obtained in the search. We affirm as the "good faith" exception to the exclusionary rule applies. American law enforcement officials were objectively reasonable in seeking out and relying on Mexican law enforcement's direction as to the requirements of Mexican law and conducting the search in accordance with those directions.

## BACKGROUND

¶ 2. Johnson was charged with first-degree intentional homicide as a party to a crime after an investi-

gation connected him to the ex-boyfriend and the suspected killer of a woman in Oconomowoc, Wisconsin. As part of a subsequent investigation, Waukesha county law enforcement contacted Federal Bureau of Investigations Special Agent Michael Eckel regarding a search of Johnson's rented residence in Rosarito, Mexico. Eckel was the United States liaison between Mexican and American law enforcement authorities.

¶ 3. Eckel called his counterpart liaison in Mexico and told the Mexican liaison that United States law enforcement authorities wanted to search Johnson's residence and needed to make sure that the search was lawfully conducted so that the resulting evidence could be used in an American court. The liaison told Eckel that, according to the attorney general for Baja California, Mexico, where Johnson's residence was located, a warrantless search would be legal as long as Johnson's landlord consented.

¶ 4. Mexican and American authorities searched Johnson's residence after Johnson's landlord consented to the search. Wisconsin authorities made a list of items that they wished to take from the home, including a computer that they suspected Johnson used in carrying out the crime. The list was approved by Mexican law enforcement, and Waukesha county law enforcement thereafter received a search warrant from a Waukesha county judge to access the contents of the computer.

¶ 5. Johnson filed a motion to suppress the evidence resulting from the search of his residence, arguing that the warrantless search was illegal under Mexican law and violated his Fourth Amendment rights. The circuit court denied Johnson's motion, finding that the search of Johnson's residence was legal under Mexican law. The court also found that even if the search did not comply with Mexican law, the evidence obtained in the

search was admissible as United States authorities reasonably relied on the advice of Mexican authorities as to what constitutes a legal search. Johnson was subsequently convicted following a jury trial. Johnson appeals.[1]

## STANDARD OF REVIEW

¶ 6. Whether a search violates the constitutional rights of a defendant and triggers the exclusionary rule, requiring the suppression of evidence obtained as a result of the unconstitutional search, is a question of constitutional fact. *State v. Dearborn*, 2010 WI 84, ¶¶ 13–16, 327 Wis. 2d 252, 786 N.W.2d 97. Accordingly, a circuit court's findings of fact will be upheld unless clearly erroneous. *State v. Martin*, 2012 WI 96, ¶ 28, 343 Wis. 2d 278, 816 N.W.2d 270. We review de novo the application of constitutional principles to those facts. *Id.*

## DISCUSSION

¶ 7. The Fourth Amendment's prohibition against unreasonable searches or seizures, U.S. CONST. amend. IV, is implicated in certain situations when foreign officials conduct searches targeting American citizens in foreign countries, *United States v. Peterson*, 812 F.2d 486, 490 (9th Cir. 1987). In such cases, federal precedent instructs that a search of a foreign residence is

---

[1] Johnson's appellate counsel advises that Johnson passed away while in prison on July 27, 2013. Pursuant to *State v. McDonald*, 144 Wis. 2d 531, 537–39, 424 N.W.2d 411 (1988), we ordered that Johnson's pending appeal was not made moot by his death.

reasonable—and therefore constitutional—if it complies with foreign law. *Id.* at 491. Federal courts have also recognized a "good faith" exception to the exclusionary rule when United States officials reasonably rely on foreign interpretations of the legality of a search as "the exclusionary rule does not function as a deterrent in cases in which the law enforcement officers acted on a reasonable belief that their conduct was legal." *Id.* at 492.

¶ 8. In this case, the parties do not dispute that the Fourth Amendment applies to the search of Johnson's Mexican residence. The only questions are whether the search complied with Mexican law and, if not, whether the good faith exception applies.

*Mexican Law on Landlord Consent to Search*

¶ 9. Johnson asserts that the circuit court erred when it found that landlord consent is a valid exception to Mexican law requiring a warrant to search a residence. The State apparently concedes that the record does not support a finding that Mexican law includes an exception for landlord consent.[2] Accordingly, we assume that the search was not legal under Mexican law and turn to an analysis of whether the fruits of the illegal search were properly admitted.

*Good Faith Exception to the Exclusionary Rule*

¶ 10. Wisconsin has followed the lead of the United States Supreme Court in adopting a good faith exception

---

[2] The State asserts that "it is not clear on this record whether the warrantless search of Johnson's residence based on his landlord's consent was indeed legal under Mexican and Baja California law" and does not argue on appeal that landlord consent is a recognized exception to a search warrant in Mexico. We deem this to be a concession.

to the exclusionary rule, *State v. Eason*, 2001 WI 98, ¶ 64, 245 Wis. 2d 206, 629 N.W.2d 625, stemming from the belief that evidence should be admissible when it is "obtained in the reasonable good-faith belief that a search or seizure was in accord with the Fourth Amendment." *United States v. Leon*, 468 U.S. 897, 909 (1984) (citation omitted). Our courts have applied the exception for an unlawful search carried out in reliance on a facially valid search warrant, *Eason*, 245 Wis. 2d 206, ¶ 73, or on clear and settled precedent, *Dearborn*, 327 Wis. 2d 252, ¶ 46. Johnson does not argue that the good faith exception to the exclusionary rule should not be extended to cases involving reliance on foreign authorities conducting foreign searches. We agree that the good faith exception to the exclusionary rule is appropriate in this context.

¶ 11. Employment of the good faith exception in this case is in accord with our supreme court's instruction that application of the exclusionary rule should be restricted to cases where the rule's remedial objectives will be best served, focusing on the efficacy in deterring future Fourth Amendment violations. *Id.*, ¶ 35. The threat of suppression of evidence by a United States court is unlikely to have any effect on the legal opinions provided by Mexican authorities to United States law enforcement officials or how Mexican authorities conduct a search on their soil. More importantly, it would not alter the behavior of United States law enforcement officials who have relied on the assurances of foreign authorities that a search is legal. *See Leon*, 468 U.S. at 916. Holding American law enforcement officials "to a strict liability standard for failings of their foreign associates would be even more incongruous than holding law enforcement officials to a strict liability standard as to the adequacy of domestic warrants." *Peterson*, 812 F.2d at 492.

■

¶ 12. In applying the good faith exception to this case, we must decide whether United States law enforcement officials involved in the search of Johnson's Mexican residence "acted in the objectively reasonable belief that their conduct did not violate the Fourth Amendment." *Dearborn*, 327 Wis. 2d 252, ¶ 33 (citation omitted). It is clear that they did so. It was objectively reasonable for American law enforcement to believe in the legality of a joint Mexican-American search under the control of Mexican law enforcement that was carried out based on contact between the FBI liaison to Mexico and his counterpart in Mexico who contacted the head law enforcement officer in Baja California who advised as to how a warrantless search could occur.

¶ 13. Johnson argues that United States law enforcement officers should have conducted a separate inquiry into Mexican law to confirm the information received from the Baja California attorney general. Such an argument is without merit as we presume high-ranking Mexican law enforcement personnel know their own laws. As United States law enforcement authorities were objectively reasonable in relying on the assurances of Mexican authorities that the search of Johnson's residence was legal under Mexican law, the circuit court's denial of Johnson's motion to suppress evidence was proper.

*By the Court.*—Judgment affirmed.